MEMORANDUM OF DECISION
JANE W. FREEMAN, Judge.
The Petitioner, Stacey Cramer, has filed a Petition For Recognition of Foreign Child Support Order, Withholding of Per Capita Benefits and Distribution For Payment of Child Support Arrearages (“Petition”) with the Court. Pursuant to Resolution No.2004-12 of the Mohegan Tribe of Indians of Connecticut (“Mohegan Tribe”), the Court held a hearing on the Petition on October 14, 2005.
I. The Petition
The Petitioner has requested this Court to recognize the February 14, 2005 foreign child support order entered in the case of Stacey L. Greene v. Raymond Greene, Case No. FA 97-0112544S, in the Superior Court for the Judicial District of Norwich/ New London at Norwich (Plaintiffs Ex. 2). The Petitioner has alleged in her petition that: (1) she is the mother of two minor children, [Names Redacted]; (2) the Respondent, Raymond Greene, Jr., is a member of the Mohegan Tribe; and (3) the Respondent is in arrears in the amount of $196.00 in child support payments and $791.00 in per capita payments. The Petitioner filed a certified copy of the foreign child support order with her Petition (Plaintiffs Ex. 2).
*455 II. Resolution No.2004-12
Resolution No.2004-12 (“Resolution”) was adopted by the legislative body of the Mohegan Tribe on April 7, 2004 to “provide for recognition and enforcement of valid child support orders from courts of other jurisdictions against non-paying Mohegan Tribal Members.” Preamble, Resolution No.2004-12.
The Resolution provides in pertinent part as follows:
“The Mohegan Tribal Court shall recognize as the law of the Mohegan Tribe, any valid child support order from any court of competent jurisdiction that has been entered against a Mohegan Tribal Member.” Resolution No.2004-12, paragraph 1.
“Once the Court has deemed a child support order to be valid, the Court shall consider evidence from a petitioning party of chronic, persistent non-payment of such child support, and shall make a finding regarding whether ar-rearages exist that are due to the petitioner for the support of Mohegan Tribal Children.” Resolution No.2004-12, paragraph 2.
“If the Court finds that chronic, persistent non-payment of child support has resulted in arrearages, the Court shall order the withholding of per capita distribution benefits from the Tribal Member and such per capita distribution benefits shall be distributed by the Tribe to the party identified in the child support order for the benefit of the Mohegan Tribal children until sueh time as the arrearages are paid in full.” Resolution No.2004-12, paragraph 3.
III. Findings and Orders of the Court
After hearing had, the Court finds as follows:
A. The Court has jurisdiction of the subject matter and the parties. Both parties appeared and testified at the hearing before the Court;
B. The Petitioner, Stacey Cram-er, has standing to file, this Petition as she is the mother of the minor children, [Names Redacted] (“two minor children”) (Plaintiff’s Ex. 1);
C. The Respondent and the two minor children are enrolled members of the Mohegan Tribe (Council of Elder’s Certification dated October 4, 2005)[1]
D. [Names Redacted] are the same person, and she is issue of the Petitioner and the Respondent;
E. An order of child support was entered in the Superior Court for the Judicial District of Norwich/ New London at Norwich in the case of Stacey L. Greene v. Raymond Greene, Case No. FA 97-0112544S on February 14, 2005 requiring the Respondent to pay the following sums as child support for the two minor children: the sum of $60 per week as periodic support for the two minor children (“Part 1 Support”); and an amount equal to 13.3% of his Net Stipend from the Mohegan Tribe for further support of the two minor children (“Part 2 Support”) (herein collectively the “Connecticut Support Order”). The orders were retroactive to January?, 2005;
F. The Connecticut Support Order was entered by a Court of competent jurisdic *456 tion with all parties present and is a valid child support order; therefore this Court recognizes the Connecticut Support Order as the law of the Mohegan Tribe pursuant to Resolution No.2004-12;
G. There has been chronic and persistent non-payment of Part 2 Support by the Respondent;
H. 13.3% of the Respondent’s Net Stipend from the Mohegan Tribe is the sum of $791.35[2] (Pleading # 108). The Court finds that the Respondent has not paid the Part 2 Support due from his August 2005 per capita distribution and that there is an arrearage in the amount of $791.35 due by the Respondent for Part 2 Support;
I. The Petitioner did not sustain her burden of proving that there is any arrear-age for Part 1 Support for the two minor children;
J. The Respondent’s non-payment of Part 2 Support violates the law of the Mohegan Tribe.
It is therefore, ORDERED that:
1. The Mohegan Tribe of Indians of Connecticut shall withhold the per capita distribution benefits of the Respondent, Raymond Greene, Jr., in the amount of $791.35 and shall distribute such amount to the following person for the benefit of [Names Redacted]:
Stacey Cramer
[Address Redacted]
2. Upon full payment of the child support arrearage of $791.35 from the per capita benefits of the Respondent to the Petitioner, the Mohegan Tribe shall promptly file with the Court, documentation showing that the child support arrear-age in the amount of $791.35 has been fully paid. The Court, on its own motion, or upon the motion of the Mohegan Tribe or the Respondent, shall then terminate this order for withholding of the Respondent’s per capita benefits upon finding that the child support arrearage has been paid in full. Until the Court enters an order that the child support arrearage found on this date has been fully paid, this order for withholding of the Respondent’s per capita benefits shall remain in effect;
3.The Clerk shall provide notice of this order to the Petitioner and the Respondent. The Clerk shall also provide notice of this order to the Mohegan Tribe by delivering or mailing a copy of this order to the following: the Legal Department of the Mohegan Tribe; the Chief of Staff of the Mohegan Tribe; the Chairman of the Mohegan Tribal Council; and the Finance Department of the Mohegan Tribe, c/o Phil Cahill, Chief Financial Officer.

. The minor child’s name appears on the Tribal rolls as /Name Redacted/. Her name appears in the Dissolution of Marriage Judgment in Stacey L. Greene v. Raymond Greene, Case No. FA 97-0112544S, in the Superior Court for the Judicial District of New London/Norwich at Norwich (Plaintiffs Ex. 1) as [Name RedactedJ. In the Petition, she is referred to as [Name Redacted!.

. Per capita distributions are paid to tribal members on a quarterly basis, with payments being made in February, May, August and November.